IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>RREMC, LLC, D/B/A DENNY's RESTAURANT<br>    Defendant. | CASE NO. 8:22-cv-1087<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices for harassment on the basis of national origin and to provide appropriate relief to Charging Party Juan Perez, who was adversely affected by such practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, RREMC, LLC d/b/a Denny's Restaurant ("RREMC"), a Florida corporation, has continuously been doing business in the State of Florida and the City of Brandon, and has continuously had at least 15 employees.

5. At all relevant times, RREMC has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Juan Perez filed a charge with the Commission alleging violations of Title VII by RREMC.

7. On April 22, 2021, the Commission issued to RREMC a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting RREMC to join with the Commission in informal methods of conciliation to

endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 1, 2021, the Commission issued to RREMC a Notice of Failure of Conciliation advising RREMC that the Commission was unable to secure from RREMC a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Defendant, RREMC, LLC d/b/a Denny's Restaurant operates a restaurant location in Brandon, Florida.

11. Juan Perez is of Mexican national origin.

12. Mr. Perez was hired by RREMC as a server in its Brandon location in approximately November 2013.

13. Beginning in approximately late 2016, RREMC discriminated against Mr. Perez by subjecting him to severe and pervasive slurs regarding Hispanic and Mexican people which created a hostile work environment for him based on his national origin.

14. Mr. Perez complained to RREMC management of how he was being subjected to harassment on at least two occasions, in March and April 2019.

15. The harassment culminated in RREMC's termination of Mr. Perez in August 2019.

## STATEMENT OF CLAIMS

16. Since at least late 2016, RREMC has engaged in unlawful employment practices at the Brandon location, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a), by subjecting Mr. Perez to a hostile work environment on the basis of national origin, culminating in his termination.

17. RREMC subjected Juan Perez to a hostile work environment based on his national origin, culminating in Perez's termination in approximately August 2019.

18. The effect of the practices complained of in paragraphs 10-17 above has been to deprive Juan Perez of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin.

19. The unlawful employment practices complained of in paragraphs 10-17 above were intentional.

20. The unlawful employment practices complained of in paragraphs 10-17 above were done with malice or with reckless indifference to the federally protected rights of Juan Perez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining RREMC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from participating in discriminatory conduct based on national origin, including

but not limited to, subjecting employees to a hostile work environment or terminating employees based on national origin.

  B. Order RREMC to institute and carry out policies, practices, and programs which provide equal employment opportunities for people of different national origins and which eradicate the effects of its past and present unlawful employment practices.

  C. Order RREMC to make whole Juan Perez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Perez or front pay in lieu thereof.

  D. Order RREMC to make whole Juan Perez by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  E. Order RREMC to pay Juan Perez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

May 10, 2022

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M Street, N.E.
Washington, DC 20507

BEATRIZ ANDRE
Acting Regional Attorney

KRISTEN FOSLID
Supervisory Trial Attorney

*/s/ Ana Consuelo Martinez*
ANA CONSUELO MARTINEZ
Florida Bar No. 110394
Trial Attorney
ana.martinez@eeoc.gov

U.S. Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (786) 648-5791
*Counsel for Plaintiff EEOC*
